**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ROBERT L. HILLMAN,**

       **Plaintiff,**

                                     **Civil Action 2:11-cv-00501**
**v.**                                    **Judge George C. Smith**
                                     **Magistrate Judge E.A. Preston Deavers**

**WILLIAM JOSEPH EDWARDS,**

       **Defendant.**

**REPORT AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se*, brings this action attempting to appeal the Ohio Supreme Court's judgment in a civil case that he brought against Defendant. (Compl., ECF No. 3.) In the underlying civil case, which Plaintiff filed in the Franklin County Court of Common Pleas, he brought actions against Defendant for misrepresentation, breach of contract, gross negligence, and deliberate indifference.[1] (App. 1, ECF No. 3.) On June 13, 2011, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis*. The matter is now before the Court for an initial screen.

Pursuant to 28 U.S.C. § 1915(e):

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

         \*        \*        \*

(B) the action or appeal--

---

[1] Defendant was Plaintiff attorney, appointed to assist Plaintiff in appealing his criminal conviction. (App. 2, ECF No. 3.)

>    (i) is frivolous or malicious;
>
>    (ii) fails to state a claim on which relief may be granted;
>
>    (iii) seeks monetary relief against a defendant who is immune from
>    such relief.

28 U.S.C. § 1915(e)(2)(B).  Additionally, when the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3).  *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

The undersigned finds the *Rooker-Feldman* doctrine pertinent as to whether the Court has jurisdiction and, ultimately, bars this action.  "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters."  *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009).  The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil corp. v. Saudi Basic industries Corp.*, 544 U.S. 280, 284 (2005).  Pursuant to the *Rooker-Feldman* doctrine, "lower federal courts lack subject matter jurisdiction to review the decisions of state courts."  *Givens v. Homecomings Fin.*, 278 Fed. Appx. 607, 608–09 (6th Cir. 2008) (citations omitted). The *Rooker-Feldman* doctrine applies when a party bringing an action in federal district court "complain[s] of an injury caused by the state-court judgment and seek[s] review and rejection of

that judgment." *Exxon Mobil*, 544 U.S. at 291.  Consequently, "[t]he pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548.  "This is true regardless of whether the party challenges the validity of the state court judgment on constitutional grounds." *Id.*; *see also Sturgis v. Hayes*, 283 Fed. Appx. 309, 313 (6th Cir. 2008) ("[T]he *Rooker-Feldman* doctrine applies 'when a plaintiff asserts before a federal district court that a state court judgment itself was unconstitutional or in violation of federal law.'") (quoting *McCormick v. Braverman*, 451 F.3d 382, 395 (6th Cir. 2006)).

In this case, the Court lacks subject matter jurisdiction.  From the face of Plaintiff's Complaint it is clear that he is attempting to appeal the judgments of Ohio state courts in his underlying civil case.  Plaintiff explicitly notes that "this is an appeal from the Ohio Supreme Court's May 25, 2011 judgment in the above captioned case . . . ."  (Compl. 1, ECF No. 3.) Furthermore, the sources of the injuries he claims are the procedural and substantive rulings of the state courts that led to judgment against Plaintiff in his state court proceeding.  (*See id.* at i–ii.)  Under these circumstances, the *Rooker-Feldman* doctrine applies.  The Court, therefore, lacks subject-matter jurisdiction over this case.

Based on the foregoing analysis, and pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3), it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action without prejudice.  Moreover, the Court **RECOMMENDS** that the Court **CERTIFY** that any appeal of this decision would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date: July 18, 2011                                  /s/ *Elizabeth A. Preston Deavers*
                                                              Elizabeth A. Preston Deavers
                                                              United States Magistrate Judge

4