UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT L. HILLMAN,**

    **Plaintiff,**

                                              **Civil Action 2:11-cv-00501**
v.                                           **Judge George C. Smith**
                                              **Magistrate Judge E.A. Preston Deavers**

**WILLIAM JOSEPH EDWARDS,**

    **Defendants.**

### ORDER

This matter is before the Court for consideration of the Magistrate Judge's July 18, 2011 Report and Recommendation (ECF No. 4) as well as Plaintiff's Objections (ECF Nos. 6, 7, 9). For the reasons that follow, the Report and Recommendation is **ADOPTED** and Plaintiff's Objections are **OVERRULED**.

The Magistrate Judge issued the Report and Recommendation pursuant to an initial screen of Plaintiff's *in forma pauperis* Complaint.  She recommended that the Court dismiss this action without prejudice for lack of subject matter jurisdiction.  The Magistrate Judge specifically concluded that because Plaintiff was attempting to appeal judicial rulings from his earlier state-court action, the *Rooker-Feldman* doctrine precluded jurisdiction.[1]

Plaintiff objected to the Report and Recommendation on July 27, 2011.  With leave from the Court, he also submitted supplemental briefing in support of his Objections.  His primary contention appears to be that he is not appealing the judgments of the state courts, but has instead

---

[1] In his underlying state-court case, Plaintiff attempted to bring various claims, including malpractice, against his former attorney, the named Defendant in this case.

brought an independent claim against the state courts of Ohio and Defendant.[2] Plaintiff cites case law, including decisions of this Court, for the general premise that the *Rooker-Feldman* doctrine does not bar claims that are independent from challenges to a state-court judgment, even if such claims deny conclusions the state courts reached. *See, e.g.*, *Hines v. Franklin Savings & Loan*, No. 1:09-cv-914, 2011 WL 882976, at *3 (S.D. Ohio Jan. 31, 2011); *Smith v. Encore Credit Corp.*, 623 F. Supp.2d 910, 916 (N.D. Ohio 2008).

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The *Rooker-Feldman* doctrine derives from premise that "only the Supreme Court of the United States has the jurisdiction to review state court decisions." *Coleman v. Governor of Michigan*, 413 F. App'x 866, 870 (6th Cir. 2011). As the United States Supreme Court has held, the doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 284 (2005).

In light of *Exxon*, the United States Court of Appeals for the Sixth Circuit has emphasized that the *Rooker-Feldman* doctrine applies only to attacks on state-court judgments and not independent claims. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). The Sixth

---

[2] To the extent Plaintiff contends that the *Rooker-Feldman* doctrine itself is unconstitutional, this objection is without merit.

Circuit set forth the following approach for differentiating between the two scenarios :

> The inquiry then is the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*Id.*

The Court finds that the *Rooker-Feldman* doctrine precludes the Court from exercising jurisdiction in this case. Plaintiff is certainly correct that the *Rooker-Feldman* doctrine does not apply to independent claims. Within his Complaint, however, he states no independent claims. Even construing plaintiff's *pro se* Complaint liberally, as the Court must, the only reasonable way to interpret it is as a request for review of the state-court judgments in his underlying state-court case. Plaintiff opens his Complaint by stating, "[t]his is an appeal from the Ohio Supreme Court's May 25, 2011 Judgment entered in the above captioned case . . . ." (Compl. 1, ECF No. 3.) He then lays out seven "Assignments of Error." (*Id.* at i–ii.) The concrete actions that form the basis for these assignments of error are the various procedural and substantive rulings of the trial court, the appellate court, and the Ohio Supreme Court in Plaintiff's state-court action. Finally, Plaintiff concludes his Complaint by attaching an "Appendix" consisting of various documents from the state-court proceedings including the complaint, two decisions of the state appellate court, and the entry of the Ohio Supreme Court declining jurisdiction.

Under these circumstances, the Court concludes that the sources of Plaintiff's injury, as laid out in his Complaint, are the state-court decisions themselves. The Court recognizes that Plaintiff's underlying state action was based on allegations that the named Defendant engaged in misconduct. Nevertheless, Plaintiff's Complaint makes no attempt to state an independent claim

based on these actions. Furthermore, Plaintiff's attempt at the objections stage to recast his allegations as claims for conspiracy against the state courts is insufficient to avoid the *Rooker-Feldman* doctrine. *See Wallis v. Fifth Third Bank*, No. 11–1181, 2011 WL 4396973, at *2 (7th Cir. Sept. 22, 2011) ("[The plaintiff'] cannot circumvent the *Rooker–Feldman* doctrine by recasting a request for the district court to review state-court rulings as a complaint about civil rights, due process, conspiracy, or RICO violations."). Once again, the *Rooker-Feldman* doctrine applies because the actual actions Plaintiff alleges have caused him injury are the state-court rulings. *See Reguli v. Guffee*, 371 F. App'x 590, 593 (6th Cir. 2010) (holding that claim that a juvenile court official "conspired" against plaintiff was insufficient to avoid dismissal under *Rooker-Feldman* where "[t]he injury alleged . . . [was] a direct result of the judicial order").

Accordingly, Plaintiff's objections (ECF Nos. 6, 7, 9) are **OVERRULED** and the Report and Recommendation (ECF No. 4) is **ADOPTED**. This action is **DISMISSED** without prejudice for lack of subject matter jurisdiction.[3] Additionally, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this action would not be taken in good faith.

**IT IS SO ORDERED.**

>  */s/ George C. Smith*
>  **GEORGE C. SMITH, JUDGE**
>  **UNITED STATES DISTRICT COURT**

---

[3] Plaintiff implies that it is contradictory to conclude that the Court lacks jurisdiction under the *Rooker-Feldman* doctrine, but then dismiss the case without prejudice. Nevertheless, "[d]ismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case." *Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011).